# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>Angel Wilson (5),<br><br>     Defendant. | Court File No: 0:20-CR-00231-JRT-BRT<br><br><br>**DEFENDANT ANGEL WILSON'S POSITION ON SENTENCING** |

Ms. Wilson was born in Oxford, Mississippi. She has never left the State of Mississippi and never been on a plane. She left school at age 13, when she became pregnant and had to drop out of the seventh grade to have her first child. She was not able to return to school and raised her five children in a residential structure on her late mother's property. In July 2020, Ms. Wilson suffered a stroke and had to move in with one of her daughters to receive daily care.

Ms. Wilson believed that her work in customer service and telemarketing for Readers Pro could be a way for her to earn money for her family. Along the way, she repeatedly questioned management about the practices at Readers Pro, but never got good answers. Ms. Wilson has no criminal history and she deeply regrets that her employment at Readers Pro and participation in reading scripts to clients caused them significant harm. She wants the Court to know that she is so sorry.

After the government raided Readers Pro and shut it down, Ms. Wilson

voluntarily met with investigators and prosecutors and cooperated in the investigation. She pled guilty early in the case, but a stroke in 2021 has made it impossible for her to travel. She has been frequently hospitalized and has received ongoing treatment from her neurologist, who has advised that she should not fly. (Ex. A)

### Argument

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," but "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 49-50, 128 S.Ct. 586, 596-97 (2007). Instead, the Supreme Court has directed sentencing courts to consider all the factors enumerated in 18 U.S.C. § 3553(a), and then "make an individualized assessment based on the facts presented." *Id.*

### I.    Application of the Sentencing Guidelines

Ms. Wilson objects to the application of a 2-level downward adjustment for minor role, rather than the 4-level downward adjustment for minimal role contemplated by the plea agreement. Ms. Wilson had no role in planning or organizing, nor did she exercise or influence decision-making. Her understanding of the scope and structure of the conspiracy was very limited, as was her personal gain. She received an hourly subsistence wage to perform certain tasks. Because her role in the overall conspiracy was minimal, a 4-level

downward adjustment should be applied pursuant to U.S.S.G. § 3B1.2(a). This would result in an adjusted offense level of 25, a total offense level of 22, and a guidelines range of 41 to 51 months.

## II.    The Court should vary downward from the sentencing guidelines.

The Sentencing Guidelines "place essentially no limit on the number of potential factors that may warrant a departure." *Koon v. United States*, 518 U.S. 81, 106 (1996); *see* 18 U.S.C. §3661 (stating "no limitation shall be placed on the information" a court can receive and consider for purposes of imposing an appropriate sentence). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon*, 518 U.S. at 113. Having considered all the relevant factors, the court is then charged with the task of imposing a sentence "sufficient, but not greater than necessary" to accomplish the statutory purposes. 18 U.S.C. § 3553(a). In this case, a sentence of probation is sufficient to accomplish those purposes.

## A. Ms. Wilson's history

Apart from a minor No proof of Insurance charge, this case is Ms. Wilson's first and only encounter with the criminal justice system and she has a criminal history score of zero. Ms. Wilson has never been on probation or

subject to supervision of any kind. Ms. Wilson has done everything required of her by pretrial services for the last four years.

## B. The offense

When Ms. Wilson began working at Readers Pro, she believed it to be a legitimate company doing honest work. She took the job to provide for her family, and was paid on an hourly basis. She did not take the job to get rich, nor did it have that effect. Instead, she has a negative net worth due to significant medical debt. A defendant's reasons for committing an offense are relevant to sentencing. *Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993). They can be the basis for a departure or variance from the sentencing guidelines. *See United States v. Galvez-Barrios*, 355 F. Supp. 2d 958 (E.D. Wisc. 2005). As one court explained:

> One of the primary limitations of the guidelines, particularly in white-collar cases, is their mechanical correlation between loss and offense level. For example, the guidelines treat a person who steals $100,000 to finance a lavish lifestyle the same as someone who steals the same amount to pay for an operation for a sick child. It is true that, … from the victim's perspective the loss is the same no matter why it occurred.
> But from the standpoint of personal culpability, there is a significant difference.

*United States v. Ranum*, 353 F. Supp. 2d 984, 990 (E.D. Wisc. 2005). Another court similarly noted that "The Guidelines place undue weight on the amount of loss involved in the fraud … [though often] the amount stolen is a relatively

4

weak indicator of the moral seriousness of the offense or the need for deterrence." *United States v. Emmenegger*, 329 F. Supp. 2d 416, 427 (S.D.N.Y., 2004).

While this a serious case and Ms. Wilson's decisions and actions caused significant harm, it is highly relevant as a matter of culpability and of deterrence that she did not set out to cause harm. Ms. Wilson did not develop this scheme, nor did she control any aspect of it. Her involvement started unknowingly and unwittingly.

**C. The need to provide restitution**

The need to provide restitution is a factor sentencing courts are explicitly directed to consider. 18 U.S.C. § 3553(a)(7). As part of her plea agreement, Ms. Wilson has agreed to pay $15,000 in restitution. For someone in her economic circumstances, with her educational and employment background, that is an enormous amount of money.

**D. Deterrence and protecting the public**

Incarceration is not necessary to deter Ms. Wilson from committing further crimes or to protect the public from her. This is her first and only criminal offense. She readily accepted responsibility. She cooperated with the investigation, pled guilty early, and has had no issues in the four years she has been awaiting sentencing. Instead, she has suffered major health set. Her age

also reduces her risk of reoffending. *See The Effects of Aging on Recidivism Among Federal Offenders*, United States Sentencing Commission (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf.

## Conclusion

Congress' ultimate directive is that courts impost a sentence which is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). It has also directed, in considering whether to impose imprisonment, that courts "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

Ms. Wilson has spent over four years on supervised release and has dealt with other collateral consequences of a felony conviction. A sentence of time served will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further similar fraud schemes. In consideration of all of the 3553(a) factors, it is also sufficient to meet the other purposes of sentencing.

| Dated:  January 28, 2025 | BEST & FLANAGAN, LLP |
| --- | --- |
| | */s/ Amy S. Conners* |
| | Amy S. Conners (#0387375)<br>BEST & FLANAGAN, LLP<br>60 South Sixth Street, Suite 2700<br>Minneapolis, MN  55402<br>Email:  aconners@bestlaw.com<br>Telephone:  612-339-7121<br><br>Attorneys for Defendant Angel Wilson |

7